**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF TENNESSEE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Tour Bus Leasing, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **62-1718957** |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **718 Thompson Lane**<br>**Nashville, TN 37204** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Davidson** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5.  **Debtor's website** (URL)   _____

6.  **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

     ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | | | | |
|---|---|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
| District | | When | Case number, if known | |

---

**11.** **Why is the case filed in this district?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13.** **Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.** **Estimated number of creditors**

| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15.** **Estimated Assets**

| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16.** **Estimated liabilities**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Case number (*if known*)

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 14, 2021**
            MM / DD / YYYY

*X* **/s/ Ellis White**                     **Ellis White**
     Signature of authorized representative of debtor            Printed name

Title    **Chief Manager**

**18. Signature of attorney**

*X* **/s/ Steven L. Lefkovitz**           Date   **June 14, 2021**
     Signature of attorney for debtor                      MM / DD / YYYY

**Steven L. Lefkovitz 5953**
Printed name

**LEFKOVITZ & LEFKOVITZ**
Firm name

**618 CHURCH ST., #410**
**NASHVILLE, TN 37219**
Number, Street, City, State & ZIP Code

Contact phone   **615-256-8300**      Email address   **slefkovitz@lefkovitz.com**

**5953 TN**
Bar number and State

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 14, 2021**     X **/s/ Ellis White**
                                       Signature of individual signing on behalf of debtor

                                       **Ellis White**
                                       Printed name

                                       **Chief Manager**
                                       Position or relationship to debtor

| Debtor name | Tour Bus Leasing, LLC |
|---|---|
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF TENNESSEE |
| Case number (if known): | |

☐ Check if this is an

amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| J&J Leasing Florida, Inc. 3150 Florida Coach Dr Kissimmee, FL 34741 | | | | | | $212,459.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Tour Bus Leasing, LLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

| Part 1: | Summary of Assets |
|---|---|

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................................    $       **0.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*..............................................................................................    $       **0.00**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................................................    $       **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..................    $       **0.00**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................................    $       **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.................................    +$       **212,459.00**

4.   **Total liabilities** .................................................................................................................................
    Lines 2 + 3a + 3b     $       **212,459.00**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

Case 3:21-bk-01822    Doc 1    Filed 06/14/21    Entered 06/14/21 07:36:00    Desc Main
Document     Page 8 of 29

Fill in this information to identify the case:

Debtor name **Tour Bus Leasing, LLC**

United States Bankruptcy Court for the: MIDDLE DISTRICT OF TENNESSEE

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

Debtor name    **Tour Bus Leasing, LLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    **12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$212,459.00** |
| | **J&J Leasing Florida, Inc.** | ☐ Contingent | |
| | **3150 Florida Coach Dr** | ☐ Unliquidated | |
| | **Kissimmee, FL 34741** | ☐ Disputed | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ | |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes | |

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Jerry Calhoun**<br>**3150 Florida Coach Dr**<br>**Kissimmee, FL 34741** | Line **3.1**<br>☐ Not listed. Explain ____ | _ |
| 4.2 | **John Kriete**<br>**3150 Florida Coach Dr**<br>**Kissimmee, FL 34741** | Line **3.1**<br>☐ Not listed. Explain ____ | _ |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | **0.00** |
| 5b. Total claims from Part 2 | 5b. + | $ | **212,459.00** |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | **212,459.00** |

Case 3:21-bk-01822    Doc 1    Filed 06/14/21    Entered 06/14/21 07:36:00    Desc Main
Document      Page 10 of 29

**Fill in this information to identify the case:**

Debtor name    **Tour Bus Leasing, LLC**

United States Bankruptcy Court for the:   MIDDLE DISTRICT OF TENNESSEE

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases     12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*     *Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest | |
|      State the term remaining | |
|      List the contract number of any government contract | **J&J Leasing Florida, Inc.**<br>**3150 Florida Coach Dr**<br>**Kissimmee, FL 34741** |

<u>**LEASE PURCHASE AGREEMENT**</u>

This Lease Purchase Agreement ("Agreement"), as of July 8, 2018 is between **J & J LEASING FLORIDA, INC**., 3150 Florida Coach Drive, Kissimmee, FL 34741 ("Lessor"), and **TOUR BUS LEASING, ELLIS WHITE,** whose mailing addresses are 718 Thompson Lane, #108-260, Nashville, TN 37204 (collectively, the "**Lessee**").

1. **VEHICLES LEASED**
   Lessor agrees to lease to Lessee, on terms contained in this Lease, the motor vehicles described as **#6316** bearing the **VIN: 2PCC33490JC736316** and **#6318** bearing the **VIN: 2PCC33494JC736318** (hereinafter collectively referred to as "Vehicle" or "vehicle").

2. **DEPOSIT**
   No deposit shall be required of Lessee.

3. **LEASE TERM/PAYMENT OF RENTALS**
   The lease term shall commence on July 15th, 2018 and terminate on August 15th, 2023. The total rental amount for the vehicles will be **$1,500,000.00**. Lessee agrees that it will pay the rental set forth in this Agreement in 60 installments of **$25,000.00,** payable in advance on the **5th** day of each month during the term of this Agreement, commencing on August 5th, 2018. Lease payments may be made be any one or all of the Lessee entities. Interest at 12% per annum may be charged by Lessor on rental payments not received on the date due. All rentals shall be paid to Lessor, at the address set forth in Paragraph 27 below, or, at Lessee's election, may be made directly to Lender (as defined herein, infra) and credited as a note or loan payment toward Lessor's obligation(s) in connection with the Vehicle.

   The Lessee shall have the right to make prepayment of any or a part of the required lease payments. In the event that the Lessee shall make any prepayment, it shall be credited against the last lease payments due under the terms of this agreement. The Lessee shall provide to the Lessor an amended schedule of lease payments reflecting any prepayments made by the Lessee.

4. **PURCHASE OF VEHICLE**
   At the end of the lease term, Lessee shall have the option to purchase the vehicle for the sum of **$212,459.00**. Lessee shall notify the Lessor of its intention to exercise the right to purchase in writing fifteen (15) days prior to the expiration of this Agreement. Upon exercise of such right, Lessor shall promptly deliver and assign any and all right, title and control of the Vehicle to Lessee. Thereupon, Lessor shall have no interest whatsoever in or to the Vehicle.

5. **TERMINATION**
   This Agreement shall automatically terminate **60** months from its inception.

6. **EXCLUSIVE USE AND POSSESSION**

Case 3:21-bk-01822   Doc 1   Filed 06/14/21   Entered 06/14/21 07:36:00   Desc Main
Document   Page 12 of 29

During the term of this Agreement, Lessee shall have exclusive use and possession of the Vehicle. However, nothing herein shall be construed to limit Lessee's right to sublease the Vehicle to third parties.

7. **SUB-LEASE PERMITTED**

The parties hereto expressly acknowledge and agree and Lessor hereby grants consent to Lessee to sub-lease the Vehicle. Lessor shall have no interest in any sub-lease between Lessee and any sub-lessee. If necessary, Lessor shall sign additional documents which may be required by Lessee or any sub-lessee in order to effectuate a sub-lease of the Vehicle.

8. **INSURANCE**

Lessee will provide insurance coverage during the entire term of this agreement for any accident or incident arising out of the use of said vehicle shown in Section 1, Vehicle Leased, resulting in Bodily Injury or Property Damage with a limit of no less than **TEN MILLION DOLLARS AND NO/100 ($10,000,000.00)** per occurrence/combined single limit. Lessee further agrees to provide insurance coverage for any accident or incident resulting in Physical Damage to said vehicle shown in Section 1, Vehicle Leased, caused by fire, lightning, explosion, theft, windstorm, hail, earthquake, flood, mischief, vandalism or collision with a limit of no less than ONE MILLION DOLLARS AND NO/100 ($1,000,000) per occurrence.

Lessee must provide, upon signing of this agreement, proof of such insurance in the form of a Certificate of Insurance listing J & J LEASING FLORIDA, INC (as well as possible creditors) as an additional insured and noting Lessor's interest.

Further, in the event of any accident or incident the Lessee shall promptly notify the Lessor of such occurrence and cooperate in any and all investigation, repairs, etc. as may be necessary as a result of such accident or incident.

9. **DRIVERS**

Lessee agrees that any driver authorized to operate vehicle shown in Section 1 herein will meet all Department of Transportation. As part of Lessee's duty to allow only qualified drivers operate the vehicle(s) listed in Section 1, Lessee must maintain a legally sufficient qualified driver file for each driver or potential driver of said vehicle. This includes, but is not limited to, compliance with all requirements set for by the Department of Transportation, the Federal Motor Carrier Safety Guidelines/Regulations, as well as other applicable local, state and federal regulations/laws.

Case 3:21-bk-01822   Doc 1   Filed 06/14/21   Entered 06/14/21 07:36:00   Desc Main
Document   Page 13 of 29

Allowing the vehicle to be driven by a non-qualified driver shall constitute breach of this agreement and a default of the agreement. Further, Lessee agrees to indemnify and hold harmless Lessor from any and all damages of any kind whatsoever resulting from operation of the vehicle by a non-qualified driver, whether known or unknown.

10.     **LICENSE PLATES AND REGISTRATION**
The vehicle subject to this Agreement shall bear license plates, and the title to such vehicle shall be registered in the name of Lessor. Annual registration of vehicles and/or license fees shall be paid by the Lessee. The Lessor shall provide Lessee with the annual registration and license plate for the vehicle and shall advance the costs thereof which shall be reimbursed by the Lessee to the Lessor.

11.     **USE OF VEHICLE**
Lessee agrees that it will not use or permit the use of the vehicle leased under this Agreement in a negligent or improper manner, or in violation of any law or regulation, or so as to avoid any insurance covering the vehicle, or permit any vehicle to become subject to any lien, charge, or encumbrance.

At the end of the lease term or on any other termination of the lease, Lessee shall redeliver the property to Lessor in as good a condition as when delivered to Lessee, reasonable wear and tear excepted. However, damage or depreciation caused by accident, negligence, fire, the elements, or other cause, or by failure or neglect to make repairs as needed, is not excluded.

12.     **MAINTENANCE**
Unless otherwise agreed in writing between the parties, all service, material, and repairs in connection with the use and operation of the vehicle during the lease term, including but not limited to gasoline, oil, batteries, repairs, maintenance, tires, tubes, and towing necessary for the proper use and operation of the vehicle, are at Lessee's expense. Lessor shall not be liable for any repairs, nor shall any such repairs be charged to Lessor.

13.     **COMPLIANCE WITH UNIFORM TRAFFIC CONTROL LAW**
Lessee shall maintain all leased vehicles in compliance with the Florida Uniform Traffic Control Law.

14. **RISK OF LOSS**

    Lessee shall bear all risk of damage or loss of the vehicle, or any portions of damage or loss not covered by insurance including but not limited to any judgments found against Lessee. All replacements, repairs, or substitution of parts or equipment of the vehicle shall be at the cost and expense of the Lessee and shall be accessions to the vehicles. The Lessee shall at all times, and at Lessee's expense, keep the vehicle in good working order, condition and repair, reasonable wear and tear excepted. The rent on the vehicle shall not be pro-rated or abated while the vehicle is being serviced or repaired.

15. **INDEMNITY**

    Lessee agrees to hold Lessor harmless from all claims, losses, causes of action, and expenses, including legal expenses arising from the use, maintenance and operation of the vehicle under this Agreement.

16. **ADDITIONAL CHARGES**

    Lessee agrees to pay all storage charges, parking charges, and fines. Lessee will pay any fees, including vehicle registration and inspection fees, or taxes which may be imposed with respect to such vehicle by any duly constituted governmental authority as the result of the Lessee's use or intended use of the vehicle.

17. **SURRENDER OF VEHICLE**

    Upon expiration of the lease term, unless the Lessee exercises its option to purchase the vehicle, Lessee shall surrender the vehicle leased under this Agreement in the same condition as when received, less reasonable wear and tear, and from collision or other damage, to the Lessor at 3150 Florida Coach Dr. Kissimmee, FL 34741, or at any location mutually agreed on by the parties to this Agreement.

18. **WARRANTIES**

    There are no warranties, expressed or implied, by the Lessor to the Lessee except as contained in this Agreement, and Lessor shall not be liable for any loss or damage to Lessee nor to anyone else of any kind and howsoever caused, whether by the vehicle, or the repair, maintenance or equipment of the vehicle, or by the failure of the vehicle, or interruption of service, or use of the vehicle leased under this Lease Purchase Agreement.

19. **ASSIGNMENT**

    No right or interest under this Agreement may be assigned by either party without the prior written consent of the other party to this Agreement.

20. **DEFAULT**

    Time is of the essence of this Agreement. The Lessee shall be in default of this Agreement upon the happening of any of the following:

    a.   Default by Lessee in the payment or performance of any of its obligations under this Agreement;

b.   Attempted assignment of Lessee's interest without prior written authorization from Lessor;

c.   Involuntary transfer of Lessee's interest by operation of law;

d.   The vehicle being driven by a non-DOT qualified driver, or

e.   Expiration or cancellation of any policy of insurance agreed to be paid by Lessee, or the cessation in force according to its original terms of such insurance, or any extension or renewal of such insurance, during the entire term of this Agreement.

On default, Lessee and Lessee's successors in interest, whether by operation of law or otherwise, shall have no right, title, or interest in the vehicle leased under this Agreement, or the possession or use of the vehicle, and Lessor shall retain all rents and other sums paid by Lessee under this Agreement. The rights and remedies provided by law.

21.   **NOTICE OF DEFAULT AND CURE PERIOD**
The Lessor shall give the Lessee written notice of its default either by facsimile, wire or letter at its address as provided in paragraph 27. The Lessee shall be given 10 business days after receipt of the notice of default to correct the default and to notify the Lessor by facsimile at its fax number so designated in paragraph 27 of this Agreement of the corrective action taken.

22.   **REMEDIES OF DEFAULT**
If any default has not been corrected within 10 business days after notice of default, the Lessor shall have the right to repossess the vehicle without further notice to the Lessee. The Lessee acknowledges that the notice of default shall constitute notice to the Lessee of the Lessor's right of repossession if the default is not corrected within 10 business days.

After default by the Lessee and its failure to remedy the default, the Lessee or its successor in interest, whether by operation of law or otherwise, shall have no right, title or interest in the leased vehicle or the right to possession or use of the vehicle. The Lessor shall retain all rents and payments received under this Agreement.

In the event that any rental payment due under this Agreement is not made within 30 days after the due date, the entire unpaid lease amount shall be accelerated and become due immediately.

23.   **GOVERNING LAW, JURISDICTION AND VENUE**
This Agreement and any interpretation thereof shall be governed by the laws of the State of Florida, and this Agreement shall be deemed to be entered into in Lake County, Florida. All payments issued hereunder shall be made to the Lessor in Lake County, Florida. Venue for any action brought under, arising out of, or related to this Agreement shall be located exclusively in Lake County, Florida.

24. **ATTORNEY FEES**

In the event that litigation, or other dispute resolution proceeding is commenced, involving, arising out or relating to this Agreement, the prevailing party shall be entitled to an award of taxable court costs, other related but non-taxable costs and expenses, and reasonable attorney's fees from the time that the proceeding was commenced until all appeals, if any, are final. The prevailing party shall also be entitled to fees and costs incurred in connection with the litigation of an award of attorney's fees and costs (entitlement and amount).

25. **WAIVER**

Failure of Lessor in any one or more instances to insist on the performance of any of the terms of this Agreement, or to exercise any right or privilege conferred, or the waiver of any breach of any terms of this Agreement, shall not be construed as a waiver of such terms, which shall continue in force as if no such waiver had occurred.

26. **LEASE ONLY**

This Agreement is one of leasing only and Lessee shall not acquire any right, title, or interest to vehicles leased under this Agreement other than that of a Lessee until or unless the option to purchase is exercised by Lessee.

27. **NOTICES**

Notices provided for under this Agreement shall be deemed given when mailed, faxed or wired to the addresses/numbers of the Lessee and Lessor as follows:

Lessor:     J & J Leasing Florida, Inc.
            3150 Florida Coach Dr.
            Kissimmee, FL 34741
            407-846-3855

Lessee:     Tour Bus Leasing, LLC
            718 Thompson Lane, 108-260
            Nashville, TN 37204
            615-400-4103

28. **ZERO TOLERANCE POLICY**

LESSEE agrees and understands that LESSOR maintains a ZERO TOLERANCE POLICY pertaining to DRUGS, CASH OR WEAPONS. This ZERO TOLERANCE POLICY includes but is not limited to the illegal possession or sale of items that are illegal to possession of DRUGS, CASH, OR WEAPONS. LESSEE agrees that it will adhere and follow this policy by not allowing any violations of federal, state or foreign government, (if traveling outside of the United States) laws, rules or regulations pertaining to the possession of drugs, weapons, and cash. LESSEE agrees that any violation of this ZERO TOLERANCE POLICY either intentionally or unintentionally, directly or indirectly, personally or by another person will result in the immediate termination of this contract and the Leased Item shall be returned to the LESSOR immediately. LESSEE grants to LESSOR or its agents or representatives, the right to enter onto the item that is subject

to this Lease for the purposes of verifying that LESSEE is in compliance with LESSOR's ZERO TOLERANCE POLICY. LESSEE agrees to indemnify and hold harmless LESSOR for any and all damages, including attorney fees and expenses due to a violation of LESSOR's ZERO TOLERANCE POLICY including those attorney fees incurred in the preservation or return of the subject property from a state, federal, or foreign government. THERE ARE NO EXCEPTIONS TO LESSOR's ZERO TOLERANCE POLICY.

29. **SUCCESSION**

This Agreement shall be binding on and inure to the benefit of any successors and assigns of the parties to this Agreement.

30. **ENTIRE AGREEMENT**

This agreement and any attachment(s) hereto (if any) contain the entire agreement between the parties, and neither Lessee nor Lessor is bound by any representations or inducements no set forth herein and in the attachment(s) (if any) hereto. This agreement shall supersede any and all prior contracts of agreement, written or verbal between the parties hereto relating to the subject matter of this agreement, and any such prior contracts or agreements, written or verbal, are hereby terminated. This agreement may not be changed, modified, terminated, or discharged except in writing and signed by the both parties.

31. **HOLDING OVER**

In the event of any holding over after the expiration of the lease term as to any vehicle covered by this Agreement, the same shall be construed to be on a day-to-day basis at the same rental as herein described and subject to all of the terms and conditions of this Agreement, including the right of Lessor to terminate this Agreement at any time during such period of holding over with respect to such vehicle(s).

*[The rest of this page is intentionally left blank.]*

IN WITNESS WHEREOF, the parties hereto agree to be legally bound hereby and have executed this Agreement the day and year first written above.  Facsimile and email signatures shall be deemed effective to prove such binding agreement.  This Agreement may be executed in multiple counterparts.

WITNESSES AS TO LESSOR:                **J & J LEASING FLORIDA, INC.**

_____      By: _____
Printed Name:                          Printed Name:
                                       Title:

_____
Printed Name:

TWO WITNESSES AS TO LESSEE:            **TOUR BUS LEASING.**

_____      By: _____
Printed Name:                          Printed Name:  Ellis White
                                       Title:

_____
Printed Name:

## Official Form 206H
## Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1   **Ellis White** | **718 Thompson Lane**<br>**Nashville, TN 37204** | | ☐ D _____<br>☐ E/F _____<br>☐ G _____ |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# Tour Bus Leasing
# Profit & Loss
### January through December 2019

| | Jan - Dec 19 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| **Fees** | |
| **Returned Check** | -165.00 |
| **Fees - Other** | 3.00 |
| **Total Fees** | -162.00 |
| **Member Investment/Payable** | 70,758.84 |
| **Services** | 1,522,870.96 |
| **Total Income** | 1,593,467.80 |
| **Gross Profit** | 1,593,467.80 |
| **Expense** | |
| **Advertising** | 0.78 |
| **Bank Fees** | |
| **ATM Fee** | -60.14 |
| **Overdraft Charge** | 12,671.00 |
| **Returned Check Fee** | 105.00 |
| **Service Fee** | 15.00 |
| **Wire Fee** | 2,625.00 |
| **Bank Fees - Other** | 268.70 |
| **Total Bank Fees** | 15,624.56 |
| **Car Maintenance** | 8,361.58 |
| **Car Payment** | 5,000.00 |
| **Clothing** | 2,202.41 |
| **Coach** | |
| **Fuel Float** | 3,053.40 |
| **GPS** | 311.85 |
| **Interior Clean** | 5,403.60 |
| **Repairs** | |
| **6108 Goldfinger** | 500.00 |
| **6316 Skyfall / Goldeneye** | 975.57 |
| **6318 Goldfnger** | 1,366.29 |
| **Golden Gun** | 13,379.58 |
| **Trailer Parts & Repair** | |
| **TBL Trailer** | 562.26 |
| **Trailer Parts & Repair - Other** | 1,856.97 |
| **Total Trailer Parts & Repair** | 2,419.23 |
| **Repairs - Other** | 15,419.92 |
| **Total Repairs** | 34,060.59 |
| **Satellite** | |
| **On Board Internet** | 1,388.79 |
| **Satellite - Other** | 6,132.96 |
| **Total Satellite** | 7,521.75 |
| **Sublease** | 554,671.61 |
| **Supplies** | |
| **Goldfinger** | 26.55 |
| **Supplies - Other** | 16,210.10 |
| **Total Supplies** | 16,236.65 |
| **Towing** | 120.00 |
| **Trailer Rental** | 12,100.00 |
| **Wash** | 2,376.73 |
| **Wrap** | 18,000.00 |
| **Coach - Other** | 12.43 |
| **Total Coach** | 653,868.61 |

# Tour Bus Leasing
## Profit & Loss
### January through December 2019

|  | Jan - Dec 19 |
|---|---|
| **Computer** | |
| Domain Registration | 39.99 |
| Internet Service | 16.00 |
| Repair | 2,230.00 |
| Software | 362.42 |
| Web Design | 7,800.00 |
| Web Hosting | 1,369.99 |
| Computer - Other | 1,420.25 |
| **Total Computer** | 13,238.65 |
| **Contract Labor** | |
| Commission | 18,050.00 |
| Driver Pay | |
| Relief Driver | 629.67 |
| Driver Pay - Other | 309,588.99 |
| **Total Driver Pay** | 310,218.66 |
| Office | 16,480.00 |
| Contract Labor - Other | 217,993.46 |
| **Total Contract Labor** | 562,742.12 |
| **Credit Card Ellis White** | 18,229.62 |
| **Dry Cleaning** | 1,050.63 |
| **Flowers** | 864.09 |
| **Insurance** | |
| Bus | 14,302.50 |
| Car | 2,164.40 |
| Motorcycle - Ellis | 99.00 |
| Insurance - Other | 40,596.62 |
| **Total Insurance** | 57,162.52 |
| **Licenses and Permits** | 205.02 |
| **Media Gear** | 1,448.34 |
| **Medical** | 587.48 |
| **Medical Fee** | 30.00 |
| **Miscellaneous** | 1,417.47 |
| **Office Supplies** | |
| Company Event Supplies | 2,483.00 |
| Company Event Tickets | 13,767.60 |
| Office Supplies - Other | 862.52 |
| **Total Office Supplies** | 17,113.12 |
| **Patty's Credit Card** | 1,114.28 |
| **Postage and Delivery** | 1,481.52 |
| **Professional Fees** | |
| Advertising | 1,363.57 |
| Airport Clearance | 85.00 |
| Commissions | 4,000.00 |
| Credit Report | 2,900.00 |
| Identity Protection | 608.89 |
| Locksmith | 175.60 |
| Manicure | 85.00 |
| Massage | 891.60 |
| Membership | 205.22 |
| Office related Gift/Bonus | 100.00 |
| Promotional Expense | 5,700.00 |
| Salon | 215.93 |
| Storage | 3,428.20 |
| Travel Insurance | 18.00 |
| Virtual Office | 3,607.25 |
| **Total Professional Fees** | 23,384.26 |
| **Promotional Merchandise** | 5,365.79 |
| **Repairs** | 304.03 |
| **Taxes** | |
| Incorporation | 918.65 |
| **Total Taxes** | 918.65 |

# Tour Bus Leasing
# Profit & Loss
### January through December 2019

| | Jan - Dec 19 |
|---|---|
| **Telephone** | |
|     Office Cell | 5,839.18 |
|     Telephone - Other | 1,959.02 |
| **Total Telephone** | 7,798.20 |
| **Tour Expenses** | |
|     Hotel | 12.95 |
| **Total Tour Expenses** | 12.95 |
| **Travel & Ent** | |
|     Entertainment | 740.72 |
|     Golf | 1,347.93 |
|     Meals | |
|         Meals On Tour | 4,149.61 |
|         With Employees/Clients | 4,639.67 |
|         Meals - Other | 11,248.79 |
|     **Total Meals** | 20,038.07 |
| **Total Travel & Ent** | 22,126.72 |
| **Travel Expenses** | |
|     Car Rental | 3,920.87 |
|     Cart Rental | 10.00 |
|     Dry Cleaning | 341.46 |
|     Flight | |
|         Relief Driver Flight | 886.68 |
|         Flight - Other | 18,725.07 |
|     **Total Flight** | 19,611.75 |
|     Fuel | |
|         2 Chainz | |
|             Da Baby | 691.73 |
|             2 Chainz - Other | 88.00 |
|         **Total 2 Chainz** | 779.73 |
|         2019 Quarter 3 & 4 Tours | 47,299.62 |
|         Big Boi | 1,350.84 |
|         Black Bear | 1,768.68 |
|         Burke McFarland | 2,650.54 |
|         Chappelle | -1,167.08 |
|         Ellis White | 9,201.26 |
|         Harvey Major | 130.73 |
|         Henry Harper | 512.96 |
|         Jagged Edge | 1,690.76 |
|         Kimberly | 90.81 |
|         Mardi Gras Bus | 1,500.60 |
|         Marsha Ambrosius | 2,364.67 |
|         Mono Music Group | 1,194.91 |
|         Patty-Personal | 3,460.61 |
|         Samer Rafidi | 32.19 |
|         TBL | 3,340.70 |
|         Tina Farris | |
|             Ella Mai | 26,251.89 |
|             The Roots | 596.32 |
|         **Total Tina Farris** | 26,848.21 |
|         Wu Tang | 10,182.98 |
|     **Total Fuel** | 113,233.72 |
|     Hotel | 36,316.47 |
|     Parking | 2,856.87 |
|     Taxi | 4,990.40 |
|     Tolls | 8,546.09 |
|     Trailer Rental | -4,400.00 |
| **Total Travel Expenses** | 185,427.63 |
| **Unauthorized** | 20,168.79 |
| Utilities | 23.12 |

# Tour Bus Leasing
## Profit & Loss
### January through December 2019

|  | Jan - Dec 19 |
|---|---|
| **Web Site** | |
| Domain Registration | 472.67 |
| **Total Web Site** | 472.67 |
| **Total Expense** | 1,627,845.61 |
| **Net Ordinary Income** | -34,377.81 |
| **Net Income** | **-34,377.81** |

# United States Bankruptcy Court
## Middle District of Tennessee

In re   **Tour Bus Leasing, LLC**                                          Case No. _____

Debtor(s)                        Chapter   **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ........................................... $ **10,000.00**

   Prior to the filing of this statement I have received .............................. $ **10,000.00**

   Balance Due ................................................................................... $ **0.00**

2. The source of the compensation paid to me was:

   ☑ Debtor       ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☑ Debtor       ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **Representation of the debtors in any dischargeability actions, judicial lien avoidances, preparation and filing of reaffirmation agreements and applications as needed, relief from stay actions, motions to redeem property, representation in any loan modification process, substitution of collateral, filing motions to aprove professionals, motions to approve sale of property, motions to authorize retention of special counsel, conversion to another bankruptcy chapter, representation in any other Court or legal matter, or any other adversary proceeding.**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **June 14, 2021** | **/s/ Steven L. Lefkovitz** |
| *Date* | **Steven L. Lefkovitz 5953** |
| | *Signature of Attorney* |
| | **LEFKOVITZ & LEFKOVITZ** |
| | **618 CHURCH ST.,  #410** |
| | **NASHVILLE, TN 37219** |
| | **615-256-8300  Fax: 615-255-4516** |
| | **slefkovitz@lefkovitz.com** |
| | *Name of law firm* |

---

# United States Bankruptcy Court
## Middle District of Tennessee

In re __Tour Bus Leasing, LLC__          Case No. _____

                                  Debtor(s)      Chapter    __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Ellis White<br>718 Thompson Lane<br>Nashville, TN 37204** | **100% Equity in Debtor** | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the **Chief Manager** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   __June 14, 2021__             Signature   __/s/ Ellis White__

                                                          **Ellis White**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**United States Bankruptcy Court**
**Middle District of Tennessee**

In re   **Tour Bus Leasing, LLC**                                     Case No.

Debtor(s)                     Chapter   **11**

## VERIFICATION OF CREDITOR MATRIX

I, the Chief Manager of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and

correct to the best of my knowledge.

Date:   **June 14, 2021**                              **/s/ Ellis White**

**Ellis White**/**Chief Manager**
Signer/Title

TOUR BUS LEASING, LLC
718 THOMPSON LANE
NASHVILLE TN 37204

.

STEVEN L. LEFKOVITZ
LEFKOVITZ & LEFKOVITZ
618 CHURCH ST., #410
NASHVILLE, TN 37219

ELLIS WHITE
718 THOMPSON LANE
NASHVILLE TN 37204

J&J LEASING FLORIDA, INC.
3150 FLORIDA COACH DR
KISSIMMEE FL 34741

JERRY CALHOUN
3150 FLORIDA COACH DR
KISSIMMEE FL 34741

JOHN KRIETE
3150 FLORIDA COACH DR
KISSIMMEE FL 34741

# United States Bankruptcy Court
## Middle District of Tennessee

In re   __Tour Bus Leasing, LLC__

Debtor(s)

Case No. _____

Chapter   __11__

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   __Tour Bus Leasing, LLC__   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

__June 14, 2021__

Date

__/s/ Steven L. Lefkovitz__

__Steven L. Lefkovitz 5953__
Signature of Attorney or Litigant
Counsel for   __Tour Bus Leasing, LLC__
__LEFKOVITZ & LEFKOVITZ__
__618 CHURCH ST., #410__
__NASHVILLE, TN 37219__
__615-256-8300 Fax:615-255-4516__
__slefkovitz@lefkovitz.com__